MATTER OF BALIBUNDI

In Deportation Proceedings

A-26639054

*Decided by Board April 5, 1988*

(1) When a hearing is scheduled to consider an application for relief by a respondent and the respondent fails to appear at the hearing, the application should be deemed abandoned.

(2) As the regulations specifically require that an applicant be examined in person prior to the adjudication of his applications for asylum and withholding of deportation, his applications should not be considered on the merits upon his failure to appear at his hearing.

CHARGE:

Order: Act of 1952—Sec. 241(a)(9) [8 U.S.C. § 1251(a)(9)]—Nonimmigrant—failed to comply with conditions of status

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
John B. Bartos
District Counsel

BY:   Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated July 13, 1984, the immigration judge found the respondent deportable on the charge set forth above and denied his applications for asylum and withholding of deportation under sections 208 and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1253(h) (1982), but granted him the privilege of voluntary departure. The respondent has appealed. The appeal will be dismissed.[1]

The respondent is a 30-year-old single, male native and citizen of Uganda. On November 16, 1983, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was issued alleging that the respondent was admitted to the United States on

---

[1] The Immigration and Naturalization Service has urged that the respondent's appeal be summarily dismissed pursuant to 8 C.F.R. §§ 3.1(d)(1-a) (i) and (iv) (1988). Based on a review of the record in its entirety, we conclude that summary dismissal is not appropriate in this case.

January 17, 1978, as a nonimmigrant student and extensions were granted for duration of status; that he has not attended school since the fall semester of 1982; and that he is without funds to maintain himself in the United States. He was charged with deportability under section 241(a)(9) of the Act, 8 U.S.C. § 1251(a)(9) (1982). At the hearing on November 17, 1983, the respondent admitted the truth of each of the allegations in the Order to Show Cause. We find that deportability has been established by clear, unequivocal, and convincing evidence. *See* 8 C.F.R. § 242.14(a) (1988); *Woodby v. INS*, 385 U.S. 276 (1966).

At the hearing held on November 17, 1983, the respondent also told the immigration judge that he wanted to apply for asylum because he thought that he would be killed if he returned to Uganda. The immigration judge gave the respondent 10 days in which to file his Request for Asylum in the United States (Form I-589) and continued the case. At the hearing held on July 13, 1984, the respondent did not appear. The immigration judge determined that the respondent's failure to appear was willful, as the respondent had received actual notice of the hearing and had not contacted the court or the Service. He therefore adjudicated the respondent's persecution claim based on the written application submitted by the respondent and found that the respondent had failed to establish his eligibility for asylum and withholding of deportation.

On appeal, the respondent contends that he has a well-founded fear of persecution in Uganda. He discusses various facts related to his persecution claim and submits documentary evidence in support of that claim. He does not, however, address his failure to appear at the July 13, 1984, hearing.

When a hearing is scheduled to consider an application for relief by a respondent and the respondent fails to appear at the hearing, the application should be deemed abandoned. *See Matter of Nafi*, 19 I&N Dec. 430 (BIA 1987) (exclusion proceedings). As to the particular applications here, asylum and withholding of deportation, the regulations specifically require that an applicant be examined in person prior to their adjudication. *See* 8 C.F.R. §§ 208.6, 242.17(c) (1988). For both reasons, the respondent's applications should not have been further considered on the merits upon the respondent's failure to appear at his hearing. We find, therefore, that the respondent's applications for asylum and withholding of deportation have been abandoned and that our review on appeal of the merits of the respondent's persecution claim is not warranted.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris,* 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.