Rupinder KAUR;  Loveleen
Kaur, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2000

Filed Jan. 24, 2001

Jonathan M. Kaufman, San Francisco, California, for the petitioner.

Cindy S. Ferrier, United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, D.C., for the respondent.

Before: D.W. NELSON, THOMPSON, and TROTT, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Rupinder Kaur and her seven-year-old daughter Loveleen Kaur, natives and citizens of India, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal of an im-

migration judge's ("IJ") denial of their application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We conclude that the IJ erred by denying the Kaurs' request for a subpoena requiring the INS to produce resource materials the asylum officer consulted in evaluating the Kaurs' application for asylum and withholding of deportation. Accordingly, we grant the petition for review and remand with directions to issue the subpoena and to hold a new asylum hearing.

## I. Factual Background

The Kaurs filed an application for asylum and withholding of deportation with the INS on June 26, 1995, alleging persecution on account of political opinion, religion and membership in a social group. In a referral notice issued after the Kaurs had appeared for an interview, the INS notified them that an INS asylum officer had decided not to grant their asylum application because "[y]our testimony at the asylum interview was not credible on material points of your claim." The referral notice informed the Kaurs that the notice did not constitute a final denial of their application and that their case was being referred to an IJ. The referral notice also stated that:

> If you appeared for your asylum interview, the information you provided, including your Form I–589 asylum application, your testimony and any supporting documents, was carefully reviewed and considered. *Additionally, if you appeared for your interview, we consulted available resource materials on human rights conditions in your country.* (Emphasis added.)

Upon receipt of the referral notice, the Kaurs filed an application with the IJ for a subpoena to compel the INS to produce the resource materials cited in the referral notice. Although the Kaurs recognized that the IJ's review of their application

would be de novo, the Kaurs argued that the resource materials "may be beneficial to respondent[s] and may help [them] sustain [their] burden." The IJ denied the request for a subpoena on the ground that the Kaurs had not shown that the resource materials were essential to the proceedings. *See* 8 C.F.R. § 287.4(a)(2)(ii)(C).

At the outset of the asylum hearing before the IJ, the Kaurs renewed their request for a subpoena compelling the production of the resource materials. After the IJ again refused to issue the subpoena, the Kaurs declined to testify in support of their application for asylum on the ground that they could not proceed in the absence of this essential evidence. The IJ determined that the Kaurs, by declining to testify, had abandoned their application for asylum and withholding of deportation, but granted the Kaurs the privilege of voluntary departure.

The BIA dismissed the Kaurs' appeal, affirming both the IJ's determination that the Kaurs had abandoned their application for asylum and withholding of deportation by declining to testify at the hearing, and the IJ's refusal to issue the subpoena.

## II. Discussion

A. Standard of Review

■ Where, as here, "the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). We review questions of law de novo. *See Aguilera–Cota v. INS*, 914 F.2d 1375, 1378 (9th Cir.1990). We review for abuse of discretion an IJ's decision not to issue a subpoena for the production of documentary evidence. *See Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir.1990).

---

**1.** Although 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, this court continues to have jurisdiction under 8 U.S.C. § 1105a because the deportation proceedings began prior to April 1, 1997. *See* IIRIRA § 309(c).

**1100**

## B. 8 C.F.R § 208.9(f)

The Kaurs' first contention is that, by failing to refer the complete record of the proceedings before the asylum officer to the IJ, the INS violated 8 C.F.R. § 208.9(f). That regulation provides:

> The asylum application, all supporting information provided by the applicant, any comments submitted by the Department of State or by the Service, and any other information specific to the applicant's case and considered by the asylum officer shall comprise the record.

According to the Kaurs, the resource materials fall within the regulation's definition of "information . . . considered by the asylum officer" because the referral letter stated that "if you appeared for your interview, we consulted available resource materials on human rights conditions in your country."

The regulation, however, does not describe the record that must be forwarded to the IJ. *See* 8 C.F.R. § 208.9(f). Rather, it describes the materials upon which the asylum officer may base his decision. The regulation that governs what materials must be forwarded to the IJ is 8 C.F.R. § 208.2(b) (1995), which at all relevant times provided: "In cases where the adjudication of an application has been referred in accordance with section 208.14 [Approval, denial, or referral of application], that *application* shall be forwarded with the charging document to the Office of the Immigration Judge by the Asylum Office." (Emphasis added.) Moreover, 8 U.S.C. § 1252(b) (1995) states that decisions in deportation cases "shall be made *only upon a record made in a proceeding before [an immigration judge]."* (Emphasis added.)

■ Thus, the only "record" that must be forwarded to the IJ is the application for asylum. Here, it is undisputed that the asylum officer referred the Kaurs' asylum application to the IJ as required by 8 C.F.R. § 208.2(b) (1995). Accordingly, the INS did not violate 8 C.F.R. § 208.9(f).

## C. Subpoena

■ The Kaurs argue in the alternative that the IJ erred by denying their request for a subpoena directing the INS to produce the resource materials referred to in the referral notice. We agree.

Under 8 C.F.R. § 287.4(a)(2)(ii)(A), an IJ may issue a subpoena requiring the production of documentary evidence if the party applying for a subpoena explains what he or she expects to prove by the documentary evidence and establishes that the documentary evidence is "essential." *See* 8 C.F.R. § 287.4(a)(2)(ii)(B) and (C); *Cuadras,* 910 F.2d at 573.

The Kaurs satisfied both of these requirements. First, the Kaurs adequately explained that they expected the resource materials to aid in the preparation of a credible case for asylum. The asylum officer's decision not to grant the asylum application was based on an adverse credibility finding, and he consulted the resource materials in making that finding. The Kaurs reasonably expected that their credibility would be disputed at the hearing before the IJ on grounds related to the resource materials. Access to such documents would enable them to address and explain any discrepancies between their testimony and the resource materials.

Second, the Kaurs made a showing that the resource materials were essential. An immigration judge's assessment of an applicant's credibility is a crucial consideration in reviewing an applicant's asylum claim. *See* 8 C.F.R. § 208.13(a) ("The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration."); *Chand v. INS,* 222 F.3d 1066, 1077 (9th Cir.2000) ("Credible testimony by itself is sufficient to support an asylum claim."). If an asylum applicant's testimony is incredible, his or her application will be denied. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999) ("An alien must show by credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution."). In this case, the asylum

officer's adverse credibility finding was likely based on the resource materials that he consulted. Even though the IJ would have made an independent review of the asylum application, there was a high probability not only that the government would challenge the Kaurs' credibility, but that the resource materials would be a cornerstone of the government's effort to impeach their testimony. Thus, the resource materials could prove dispositive of the IJ's determination of the credibility issue. An adverse determination of that issue, by reason of our highly deferential standard of review, would be almost insurmountable. *See Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996) ("We review a credibility finding under the substantial evidence standard, and therefore are required to uphold the IJ's finding unless the evidence presented compels a reasonable factfinder to reach a contrary result.") (citations omitted). We conclude the Kaurs made a sufficient showing that the resource materials were essential.

D. Abandonment of Application

■ The INS maintains that the Kaurs abandoned their application for asylum and withholding of deportation by refusing to testify at the asylum hearing after the IJ denied their request for a subpoena. We disagree. Unlike the case relied upon by the BIA, *Matter of Balibundi*, 19 I & N Dec. 606, 607, 1988 WL 235451 (BIA 1988), in which the applicant willfully failed to appear at his scheduled deportation hearing, the Kaurs attended their hearing but declined to testify in the absence of the opportunity to review evidence essential to their asylum claim.

E. Conclusion

We grant the petition for review and remand to the BIA with directions to remand to the IJ for issuance of a subpoena requiring the INS to produce the resource materials and for a new asylum hearing.

PETITION FOR REVIEW GRANTED.