Avinash KAUR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72987.

Agency No. A70–547–194.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Decided March 16, 2006.

Jonathan M. Kaufman, Law Offices of Alan M. Kaufman, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before ALARCON and McKEOWN, Circuit Judges, and HOLLAND,* District Judge.

MEMORANDUM **

Avinash Kaur, a native and citizen of India, seeks review of a final order issued by the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of her applications for cancellation of removal, asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an IJ's adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and an IJ's conclusion that an applicant failed to demonstrate the requisite physical presence for cancellation of removal, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). We review for abuse of discretion an IJ's decision to take administrative notice, *Castillo–Villagra v. INS*, 972 F.2d 1017, 1028 (9th Cir.1992), and an IJ's denial of a request for a subpoena, *Kaur v. INS*, 237 F.3d 1098, 1099 (9th Cir.2001). We review de novo the due process claims. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and remand in part the petition for review.

■ The IJ's adverse credibility finding rests on, among other things, inconsistencies between Kaur's testimony and her asylum interview as to whether she spoke at demonstrations as part of the All–India Sikh Student Federation ("AISSF"). As Kaur concedes, the extent and visibility of her role in the AISSF go to the heart of her persecution claim. Kaur's testimony that she spoke at multiple AISSF demonstrations with numerous attendees is materially inconsistent with her asylum interview statement that she never spoke at demonstrations. Although some of the credibility factors the IJ relied upon are insufficient, "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Kaur's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003)). Thus, Kaur fails to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ We reject Kaur's claim that the IJ violated her statutory and due process rights by admitting into evidence a tape and partial transcript of her asylum interview. This evidence was "probative and its admission fundamentally fair," *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995), and the tape and transcript were made a part of the record. *See* 8 U.S.C. § 1229a(b)(4)(C); 8 C.F.R. § 1240.9 (requiring evidence at the hearing to be made part of the record). The IJ listened to the entire tape as requested by Kaur's counsel, and Kaur's counsel agreed that the transcript was accurate. Kaur's counsel was also given a generous amount of time

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to review the tape and transcript. Thus, Kaur fails to show prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

▮ Substantial evidence also supports the IJ's denial of cancellation of removal for failure to establish ten years of continuous physical presence because Kaur testified that she arrived in the United States in 1993, and she was served with a valid Notice to Appear in 1998. *See Ram v. INS,* 243 F.3d 510, 517–18 (9th Cir.2001) (holding that continuous physical presence terminates upon the service of a charging document).

▮ The IJ did not abuse his discretion in taking administrative notice that the term "SAO," which was written after the signature on the Notice to Appear, stands for "supervisory asylum officer" because the IJ based his decision on years of experience with similar cases. *See Castillo–Villagra,* 972 F.2d at 1027–28 (holding that under "a rule of convenience," the IJ should take administrative notice when he "knows of information that will be useful in making the decision."). The IJ followed procedures that were "fair under the circumstances," because the issue was presented at the hearing, and the record does not suggest that Kaur was denied an opportunity to respond. *Getachew v. INS,* 25 F.3d 841, 845 (9th Cir.1994).

▮ The IJ did not abuse his discretion in denying Kaur's pre-hearing subpoena request for materials relating to her asylum interview because he had not yet determined whether those materials would become an issue in the proceedings. *Kaur,* 237 F.3d at 1100 (a party applying for a subpoena must establish that the requested evidence is "essential"). Kaur also fails to show that she was denied due process, because once the IJ determined that he would consider the materials, the IJ continued the hearing for six weeks so that Kaur could examine the materials and allowed her further opportunity to present testimony. *Lata,* 204 F.3d at 1246.

▮ Contrary to the government's assertion, we have jurisdiction to consider Kaur's CAT claim because she explicitly requested reversal of the CAT decision in her brief to the BIA. This assertion is sufficient for exhaustion purposes. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004). Kaur correctly argues that the IJ should have considered a country conditions report in the record that described human rights violations perpetrated by the Indian police. That the IJ based his CAT decision solely on adverse credibility and failed to consider additional relevant evidence in the record constitutes error. *See Farah,* 348 F.3d at 1156–57 (holding that an adverse credibility determination alone can be sufficient to deny CAT relief only if the petitioner presented no additional evidence beyond his incredible testimony). The IJ's failure to consider all available evidence requires that we vacate and remand the CAT decision for full consideration.

Accordingly, we deny the petition with respect to the cancellation of removal, asylum and withholding of removal claims; we vacate and remand the IJ's decision with respect to the CAT claim.

**PETITION DENIED IN PART; GRANTED IN PART AND REMANDED.**