Parminder KAUR, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–71726.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 13, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS and
BERZON, Circuit Judges.

## MEMORANDUM **

Parminder Kaur, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) denial of her motions to terminate removal proceedings and conclusion that she abandoned her asylum application. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We limit our review to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Cordon–Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir.2000). We review questions of jurisdiction and due process de novo. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

Petitioner moved to terminate the proceedings. Petitioner argues that the No-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tice to Appear was jurisdiction ally insufficient because the issuing official's signature and title were unclear. The BIA properly rejected the argument. *See Kohli v. Gonzales,* 473 F.3d 1061, 1068–70 (9th Cir.2007).

Petitioner also moved to terminate the proceedings, contending that her due process right to de novo review by an impartial IJ was violated by the admission of a rejection notice from the asylum office into the record. Petitioner points to immigration court operating procedures that prohibit documents from the asylum office containing deliberative information. Petitioner does not, however, identify the information in the rejection notice that is allegedly deliberative. Even if petitioner could identify such information, she fails to show that the proceedings were fundamentally unfair or that she suffered prejudice. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620–21 (9th Cir.2006).

Citing *Kaur v. I.N.S.,* 237 F.3d 1098 (9th Cir.2001), petitioner argues the BIA improperly concluded that she abandoned her claims when she refused to testify or acknowledge the truth and completeness of her application. We disagree. Unlike the case in *Kaur,* petitioner has not shown that the alleged procedural violations could have affected the outcome of the proceedings. *See id.* at 1011 (IJ improperly denied petitioners' request for subpoena directing INS to produce materials essential to their claims). The BIA properly concluded that petitioner abandoned her claim.

PETITION FOR REVIEW DENIED.