Fidel **HERNANDEZ**, Petitioner,

v.

Michael B. **MUKASEY**,\* Attorney General, Respondent.

No. 06–72435.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 \*\*.

Filed Dec. 28, 2007.

Noam Mendelson, Daly City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Angela N. Liang, Trial Attorney, San Francisco, CA, DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*

Fidel Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his motion

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for issuance of a subpoena in a removal case. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion an IJ's decision not to issue a subpoena for the production of a witness. *See Kaur v. INS*, 237 F.3d 1098, 1099 (9th Cir.2001). We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The IJ did not abuse his discretion in denying Hernandez's request to subpoena his U.S. citizen daughter Fidelina's doctor to testify, because Hernandez failed to demonstrate that the doctor's testimony was essential. *See* 8 C.F.R. § 1003.35(b)(3) (IJ shall issue a subpoena upon being satisfied that the witness' evidence is essential). The BIA properly concluded that Hernandez failed to demonstrate that he was prejudiced by the IJ's refusal to issue the subpoena. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.