**Adi Purwono WIJAYA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–70940.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed July 3, 2008.

Kurt Miller, The Law Offices of Kurt Miller, Morgan Hill, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Kevin J. Conway, David E. Dauenheimer, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

■■■■■■■■■■■■■■■■

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL, District Judge.*

MEMORANDUM **

Petitioner Adi Purwono Wijaya ("Wijaya"), a native and citizen of Indonesia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence a determination that an applicant has not established eligibility for asylum. *Tang v. Gonzales*, 489 F.3d 987, 989–90 (9th Cir. 2007). In the instant case, the immigration judge ("IJ") found that Wijaya was not a credible witness. Because the BIA adopted the IJ's finding on this point, we treat the IJ's adverse credibility determination as that of the BIA. *See Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir. 2007). An adverse credibility finding must be based on "specific and cogent reasons," and the recited reasons "must be substantial and bear a legitimate nexus to the finding." *Marcos v. Gonzales*, 410 F.3d 1112, 1117 (9th Cir.2005) (internal quotation marks and citations omitted). Any

discrepancies relied upon in making an adverse credibility determination must go to the heart of the asylum claim.[1] *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir. 2003). If specific and cogent reasons are provided, the applicant must show that the evidence *compels* a contrary conclusion. *Id.* at 993. "If an asylum applicant's testimony is incredible, his or her application will be denied." *Kaur v. INS*, 237 F.3d 1098, 1100 (9th Cir.2001).

■ The IJ provided "specific and cogent reasons" for disbelieving Wijaya, noting internal inconsistencies in his testimony and contradictions between his testimony and his written asylum application. The IJ was particularly troubled by discrepancies regarding the incident in which Wijaya claims to have been attacked and robbed. The discrepancies involve significant aspects of the attack, such as where it occurred and whether it occurred during the day or at night. Because the attack is the only incident in which Wijaya claims to have been physically harmed and is the most recent incident in which Wijaya was directly involved, the discrepancies noted by the IJ go to the heart of Wijaya's asylum claim. It follows that Wijaya has failed to show that the evidence in the record compels a conclusion that his testimony was credible and thus that he is eligible for asylum.[2]

■ Because Wijaya has failed to satisfy the lower standard of proof required to

---

* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Effective May 11, 2005, new statutory provisions enacted by The REAL ID Act grant the trier of fact authority to base credibility determinations in immigration cases on any inconsistency, inaccuracy or falsehood, whether or not it goes to the heart of the applicant's

claim. Those provisions do not apply to applications for asylum, withholding of removal, or other relief from removal filed before the effective date of May 11, 2005, and thus do not apply here. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) & note; *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n. 1 (9th Cir.2005).

2. In light of our conclusion that the IJ's credibility determination is supported by substantial evidence in the record, we need not reach the question of whether Wijaya established that he would be eligible for asylum if his

establish eligibility for asylum, he necessarily has failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

"A failure to establish eligibility for asylum does not necessarily doom an application for relief under the [CAT]." *Id.* "[T]he standards for the two bases of relief are distinct and should not be conflated." *Id.* at 1157. However, when a claim for relief under the CAT is based upon the same evidence that has been determined to be not credible and insufficient to warrant asylum, then the CAT claim falls with the asylum claim. *Id.* Wijaya has failed to identify other evidence in the record sufficient to demonstrate that it is more likely than not that he will be tortured if he is returned to Indonesia. *See Kohli,* 473 F.3d at 1070.

**PETITION FOR REVIEW DENIED.**

credibility were presumed. We note, however, that based upon the record as a whole we would be hard-pressed to conclude that the evidence *compels* a finding of eligibility. *See Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004).