**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1956**

---

PETER SUH NGWA,

               Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  March 21, 2013         Decided:  April 5, 2013

---

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Danielle Beach-Oswald, Maureen J. Johnson, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner. Stuart F. Delery, Principal Deputy Assistant Attorney General, Leslie McKay, Assistant Director, M. Jocelyn Lopez Wright, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter Suh Ngwa, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from that part of the immigration judge's order denying his application for asylum.[1] Ngwa challenges both the adverse credibility finding and the finding that his asylum application was frivolous. We deny the petition for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). An alien "bear[s] the burden of proving eligibility for asylum." Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2012). "An applicant who demonstrates that he

_____

[1] The Board did not disturb that part of the immigration judge's order granting Ngwa withholding of removal. The Board remanded the case to the immigration judge for the purpose of deciding whether Ngwa was eligible for relief under the Convention Against Torture ("CAT").

was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

Ngwa contends that the Board used the wrong standard of review when it considered the immigration judge's adverse credibility finding under the totality of the circumstances test. For asylum applications filed after the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, a trier of fact, "considering the totality of the circumstances and all relevant factors," may base a credibility determination on any

inconsistency, inaccuracy, or falsehood "without regard to whether [it] goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). As this court recently held, "an [immigration judge's] adverse credibility determination need no longer rest solely on those matters fundamental to an alien's claim for relief under the INA." Singh v. Holder, 699 F.3d 321, 329 (4th Cir. 2012); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 164 (2d Cir. 2008) (In evaluating credibility, an immigration judge "may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible.").

After reviewing the record, we agree with the Attorney General that (1) Ngwa waived the argument by not presenting it to the Board and (2) the totality of the circumstances test was appropriate because Ngwa's application was filed after the effective date of the REAL ID Act. Pursuant to 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" We have noted that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision." Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990); see also

4

_Gonahasa v. INS_, 181 F.3d 538, 544 (4th Cir. 1999). Moreover, we have also held that we lack jurisdiction to consider an argument not made before the Board. _Asika v. Ashcroft_, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

Ngwa was on notice that the immigration judge considered his asylum application under the REAL ID Act. Despite having notice, Ngwa did not challenge this determination on appeal to the Board. Therefore, the claim is waived.

In any event, Ngwa's asylum application, his second, was filed after the REAL ID Act's effective date. Ngwa's first asylum application was filed prior to the effective date, but it was denied. Ngwa filed a defensive application for asylum in September 2006, after he received the notice to appear and after the REAL ID Act's effective date of May 11, 2005. Because the asylum application under consideration was filed after the REAL ID Act's effective date, the INA's most recent provisions regarding credibility and corroboration apply. _See_ _Singh_, 699 F.3d at 328. Thus, the Board did not err applying the totality of the circumstances test.

Ngwa also contends that the adverse credibility finding is not supported by substantial evidence. We review credibility findings for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. _Figeroa v._

5

INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

We conclude that it is clear from the record that the immigration judge found Ngwa was not credible insofar as he claimed he suffered past persecution. We further conclude that the adverse credibility finding was supported by specific and cogent reasons. It was noted that Ngwa offered inconsistent testimony regarding the number of days he was detained in 2004. It was also noted that Ngwa's two witnesses offered inconsistent testimony regarding the events that supported Ngwa's claim that he was the victim of past persecution. Also, Ngwa's testimonial demeanor was called into question. In addition, Ngwa submitted a fraudulent medical certificate in support of his claim that he suffered injuries during a period of detention. The immigration judge was free to reject Ngwa's explanations for the

6

discrepancies.  Dankam v. Gonzales, 495 F.3d 113, 122 (4th Cir. 2007); Camara, 378 F.3d at 369.

Ngwa also challenges the ruling that his asylum application was frivolous.  An alien who "has knowingly made a frivolous application for asylum," after having been informed of the consequences of submitting such an application, is permanently ineligible for immigration benefits.  8 U.S.C. § 1158(d)(6) (2006).  An asylum application is frivolous if any of its material elements is deliberately fabricated.  8 C.F.R. § 1208.20 (2008).  The Government bears the burden of establishing that the application is frivolous.  Matter of Y-L-, 24 I. & N. Dec. 151, 157-58 (B.I.A. 2007).  "Because of the severe consequences that flow from a frivolousness finding, the preponderance of the evidence must support an Immigration Judge's finding that the respondent knowingly and deliberately fabricated material elements of the claim."  Id., 24 I. & N. Dec. at 157.  The alien must be afforded sufficient opportunity to explain the identified discrepancies, after which the immigration judge must provide cogent and convincing reasons for finding by a preponderance of the evidence that the applicant knowingly and deliberately fabricated material elements of his or her claim.  Id. at 158-60.

A finding that the applicant knowingly submitted a false or fraudulent submission that was material to the asylum

application is a finding of fact that is reviewed for substantial evidence.[2]  See Siddique v. Mukasey, 547 F.3d 814, 816 (7th Cir. 2008); Aziz v. Gonzales, 478 F.3d 854, 857 (8th Cir. 2007).

Ngwa argues that his right to confidentiality was violated during the course of the overseas investigation that led to the finding that he submitted a fraudulent medical certificate.  Under 8 C.F.R. § 208.6(a) (2012), "[i]nformation contained in or pertaining to any asylum application . . . shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General."  Confidentiality is breached when information pertaining to an asylum application is disclosed to a third party in such a way that allows the third party to link the identity of the alien to the fact that the alien has applied for asylum.  See U.S. Citizenship and Immigration Servs., Asylum Div., Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants (June 3, 2005).  If it is found that the asylum applicant's confidentiality was breached

---

[2] A finding that an asylum application is frivolous does not preclude the alien from seeking withholding of removal.  See 8 C.F.R. § 1208.20 (2012); see also Lin v. U.S. Dep't of Justice, 455 F.3d 106, 112 n.2 (2d Cir. 2006) (statute barring all immigration benefits should not be construed to bar withholding of removal where deportation would result in dire persecution).

in violation of § 208.6, the applicant must be given the opportunity to establish a new claim for asylum, withholding of removal, or relief under the CAT based on the breach. Anim v. Mukasey, 535 F.3d 243, 253 (4th Cir. 2008).

The Board addressed this claim by noting that Ngwa was raising a new argument that he failed to raise before the immigration judge. The Board concluded that the issue was waived and will not be reviewed because Ngwa did not raise it before the immigration judge, citing In re J-Y-C-, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) and In re Edwards, 20 I. & N. Dec. 191, 196-97 n.4 (BIA 1990). "[T]he failure to raise an issue before the [immigration judge] properly waives the argument on appeal to the [Board]." Torres de la Cruz v. Maurer, 483 F.3d 1013, 1023 (10th Cir. 2007) (finding that the Board properly concluded that the issue was procedurally barred and, for the same reason, declined to address the issue).

Ngwa argues that the issue was not waived because the immigration judge ruled on the substance of the claim, finding that his confidentiality was not violated. However, the immigration judge also noted that Ngwa did not affirmatively raise this issue and denied relief on the basis that Ngwa did not claim that his confidentiality was violated. We conclude that the Board, when faced with two possible rulings that result in the same disposition, can choose to affirm one and ignore the

9

other.  This court may affirm the Board's order on the same basis that was articulated by the Board.  See Moab v. Gonzales, 500 F.3d 656, 659 (7th Cir. 2007).  We conclude that the Board did not err in finding that the confidentiality issue was waived.

Ngwa also asserts that the immigration judge erred by denying his motion to subpoena the agent responsible for the overseas investigation.  This court reviews the immigration judge's denial of a subpoena for abuse of discretion.  See Kaur v. INS, 237 F.3d 1098, 1099 (9th Cir. 2001); see also Guevara Flores v. INS, 786 F.2d 1242, 1252 (5th Cir. 1986) (same).  Under 8 C.F.R. § 1287.4(a)(2)(ii)(B) (2012), an alien seeking a subpoena "shall be required . . . to show affirmatively that he/she has made diligent effort, without success, to produce the same."  The immigration judge found, and the Board agreed, that Ngwa did not affirmatively show that he made a diligent effort to produce the witness.  We note that Ngwa's claim that the Government stated that it intended to produce the witness is not supported by the record.  Because Ngwa did not show he was diligent in this regard, we conclude that it was not an abuse of discretion to deny the subpoena.

We also conclude that substantial evidence supports the finding that the Government showed by a preponderance of the evidence that Ngwa knowingly submitted a fraudulent document in

10

support of a material aspect of his claim that he suffered past persecution. The Government submitted an affidavit signed by the doctor who signed the medical certificate. In the affidavit, the doctor admitted that he did not treat Ngwa, that the contents of the medical certificate were dictated to him and that he only prepared the medical certificate as a favor to Ngwa's wife. In his affidavit submitted in response, Ngwa corroborated a portion of the doctor's admission, when he stated that he waited outside the doctor's office while his wife entered the office with the certificate for the doctor to sign. The medical certificate was intended to support a material aspect of Ngwa's claim that he suffered serious injuries as a result of being persecuted by the authorities.

We also note that despite being given the opportunity, Ngwa failed to specifically challenge the contents of the doctor's affidavit, either through his own testimony or an affidavit from his wife. We conclude that the finding that Ngwa filed a frivolous asylum application was not made in violation of his right to due process.

In light of the fact that we conclude that the adverse credibility finding and the finding that Ngwa's asylum application was frivolous are supported by substantial evidence, Ngwa's remaining arguments are moot.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

12