**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REMI JEAN LOUIS, | No. 10-70521 |
| Petitioner, | Agency No. A096-057-849 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2013[**]
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Remy Louis ("Louis") petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant in part, deny in part and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence does not compel us to disturb the BIA's adverse credibility determination. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). Both the BIA and the IJ based their adverse credibility findings on "'specific, cogent reasons' found in the record." *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006)). These reasons go to the heart of Louis's asylum claim. *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). Louis bore the burden to put forth credible, persuasive evidence that he suffered past persecution on account of his religion and nationality, but his testimony was neither credible nor persuasive. 8 U.S.C. § 1158(b)(B)(i).

Because the adverse credibility determination stands, the BIA correctly affirmed the denial of asylum and withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (citing *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000); *Kaur v. INS*, 237 F.3d 1098, 1100 (9th Cir. 2001) (citing *Singh-Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir. 1999)).

The BIA erred in denying Louis protection under the Convention Against Torture ("CAT") exclusively on the basis of the adverse credibility determination. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005); *Farah*, 348 F.3d at 1156 ("A failure to establish eligibility for asylum does not necessarily doom an

2

application for relief under [CAT]").  "'[A]ll evidence relevant to the possibility of future torture shall be considered,' even apart from any prior findings in the asylum context." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(3)).  The BIA abused its discretion by relying on findings in the asylum context to deny relief under CAT, *see id.* at 1280, 1283–84, and, specifically, by not considering the likelihood of Louis being tortured if removed to Egypt, *cf. Kohli v. Gonzales*, 473 F.3d 1061, 1070–71 (9th Cir. 2007).  We accordingly grant the petition as to Louis's claim for relief under CAT and remand to the BIA for consideration of the relevant current country conditions and for further proceedings consistent with this disposition.

Each party shall bear its own costs .

**GRANTED in part; DENIED in part; REMANDED.**