
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT SESAY BULLY NJIE,<br><br>Petitioner,<br><br>v.<br><br>ERIC HOLDER, JR., Attorney General,<br><br>Respondent. | No. 11-71226<br><br>Agency No. A096-225-268<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2014[**]
San Francisco, California

Before: FERNANDEZ and IKUTA, Circuit Judges, and ALBRITTON, Senior
District Judge.[***]

Albert Sesay Bully Njie ("Njie") seeks review of the Board of Immigration

---

      [*]     This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable William H. Albritton, III, Senior District Judge for the U.S. District Court for Middle Alabama, sitting by designation.

Appeals' ("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ") decision finding him inadmissible and denying his application for adjustment of status. He also seeks review of the decision to deny his motion to subpoena the Secretary of the Department of Homeland Security and the Commissioner of United States Customs and Border Protection. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny his petition for review.

When the BIA conducts an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ. Hernandez–Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir. 2005). We review the BIA's determination of purely legal questions de novo. De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir. 2004). We review factual findings for substantial evidence. Ridore v. Holder, 696 F.3d 907, 911 (9th Cir. 2012). We review for abuse of discretion a decision not to issue a subpoena for the production of documentary evidence. Kaur v. I.N.S., 237 F.3d 1098, 1099 (9th Cir.), amended on other grounds on denial of reh'g, 249 F.3d 830 (9th Cir. 2001).

Njie has advanced an argument regarding the burden of proof based on his theory that he should be regarded as a person who remained in the United States beyond the time authorized. The charge brought against Njie, however, was for

being an alien present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i).  Therefore, pursuant to the charge which was brought, when Njie admitted his alienage, the burden of proof was placed on him to prove the time, place, and manner of his entry.  See 8 U.S.C. §1361; Iran v. I.N.S., 656 F.2d 469, 472 (9th Cir. 1981); see also Matter of Benitez, 19 I. & N. Dec. 173, 175 (BIA 1984) (stating that the petitioner's admission established his alienage, and he failed to meet his burden to establish the time, place, and manner of his entry into the United States).

Njie presented an affidavit which states that he entered the United States through New York, New York on a specific date, and was inspected and admitted by immigration authorities.  There is no corroborating evidence to that effect, however.  In fact, the other evidence submitted by Njie, his father's affidavit, is inconsistent with Njie's affidavit as to the date of entry into the United States. Under substantial evidence review, "to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA." Zheng v. Holder, 644 F.3d 829, 835 (9th Cir. 2011).  That standard is not met here.  Because Njie did not sustain his burden of proof, he is presumed to be in the United States illegally and is therefore removable.  See 8 U.S.C. § 1361; Iran, 656 F.2d at 471.

As to Njie's argument that he was thwarted in his effort to present evidence because his motion to subpoena custodians of records was denied, given the lack of any proof that the information requested existed even after Njie had made a Freedom of Information Act request, the denial of another attempt to obtain the same information was not an abuse of discretion.

**PETITION DENIED.**