**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO CLAVEL RAMIREZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-72137

Agency No. A095-139-504

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Pedro Clavel Ramirez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to terminate and denying

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review de novo questions of law and constitutional claims.  *Mohammed v.*

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We review for abuse of discretion the denial of a motion to subpoena a witness.  *Kaur v. INS*, 237 F.3d 1098, 1099 (9th Cir. 2001).  We deny in part and dismiss in part the petition for review.

The agency did not err in denying Clavel Ramirez's motion to terminate removal proceedings, where he has not shown the Notice to Appear ("NTA") was insufficient to vest jurisdiction with the immigration court.  *See* 8 U.S.C. § 1229(a)(1)(A-D); 8 C.F.R. § 1003.15; *Kohli v. Gonzales*, 473 F.3d 1061, 1067-68 (9th Cir. 2007) (the issuing officer's illegible name and title on the NTA do not deprive the agency of jurisdiction, if the NTA informs petitioner of the nature of the proceedings against him, the legal authority under which the proceedings are conducted, the acts or conduct alleged to be in violation of law, and the statutory provisions alleged to have been violated).  The record does not support Clavel Ramirez's contention that the BIA ignored his arguments regarding the immigration court's jurisdiction.

Accordingly, the agency did not abuse its discretion in denying Clavel Ramirez's motion for a subpoena to cross-examine the officer who prepared the NTA.  *See* 8 C.F.R. § 1003.35(b)(3) (an IJ may issue a subpoena if the party applying for a subpoena establishes that the "witness's evidence is essential"); *see also Kaur*, 237 F.3d at 1100-01.

16-72137

We do not reach Clavel Ramirez's contention that the BIA engaged in impermissible fact-finding when it described the omission as "inadvertent." *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

To the extent Clavel Ramirez is also asserting a regulatory violation, he has not shown prejudice. *See Kohli*, 473 F.3d at 1067 (prejudice required for a regulatory violation to render removal unlawful).

We lack jurisdiction to review the agency's discretionary determination that Clavel Ramirez failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Although the court would retain jurisdiction over colorable questions of law and constitutional claims, Clavel Ramirez has raised no such claim, where the record does not support his contention that the BIA failed to address evidence or argument relating to his health problems. *See id.*; *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

We deny as moot Clavel Ramirez's remand request, where El Salvador is no longer designated for temporary protective status.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**