NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUGENIO ARMANDO GOMEZ-ROBLES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1159

Agency No.
A205-420-959

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024**

Before: OWENS, LEE, and DESAI, Circuit Judges.

Eugenio Armando Gomez-Robles, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) decision finding him

removable as charged and denying his asylum, adjustment of status, and withholding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal claims.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA's *sua sponte* decision remanding the case for additional fact-finding did not violate due process.  Gomez-Robles contends that the BIA erred in remanding the case to the immigration judge (IJ) because neither Gomez-Robles nor the government requested a remand.  But we "encourage[]" the BIA to "remand on an open record," especially when doing so allows the IJ to address unexplained inconsistences in the record.  *Padilla-Martinez v. Holder*, 770 F.3d 825, 831 (9th Cir. 2014).  And the BIA may remand cases *sua sponte. Id.*  Here, the BIA remanded so that the IJ could consider unexplained inconsistencies in the record and, if necessary, conduct additional fact-finding related to those inconsistencies.  That does not constitute a due process violation.  *Id.*

2. The IJ did not abuse its discretion in denying the request for subpoenas.  An IJ may issue subpoenas when doing so is "essential," but there is no general right to discovery in immigration proceedings.  *See* 8 C.F.R. § 1003.35(b)(3); 8 U.S.C. § 1229a(b)(4)(B) (providing a petitioner a "reasonable opportunity" to present evidence).  We review an IJ's decision not to issue a subpoena for abuse of discretion. *See Kaur v. INS*, 237 F.3d 1098, 1099 (9th Cir. 2001).  Here, Gomez-Robles requested subpoenas for every agent stationed at the DeConcini Port of Entry

---

[1] Gomez-Robles does not challenge the denial of asylum or adjustment of status.

on November 2, 2011. As the IJ concluded, that could have required many agents to testify without producing any relevant evidence, as Gomez-Robles was unable to specify the agent he encountered or precise time he entered. The IJ thus did not abuse its discretion in declining to issue the subpoenas.

3. <u>The IJ did not abuse its discretion in denying the motion for a continuance.</u> Gomez-Robles requested a continuance because he sought to translate and submit a document showing that his wife owned a radio. To receive a continuance, Gomez-Robles was required to show good cause, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and he failed to do so. It was unclear how it was relevant that his wife owned a radio, so there was no obvious need to delay proceedings to translate the document. And Gomez-Robles had several months and the assistance of counsel to obtain evidence, and he did not explain why he was unable to do so within that time.

4. <u>Substantial evidence supports that Gomez-Robles is removable as charged.</u> To successfully challenge his removability, Gomez-Robles must show by clear and convincing evidence that he lawfully entered the United States. 8 C.F.R. § 1240.8(c). Gomez-Robles relied entirely upon his own testimony to establish his lawful entry, but the IJ found that Gomez-Robles' testimony was not credible. Substantial evidence supports that finding.

The IJ offered several significant ways in which Gomez-Robles' entry-related

testimony was inconsistent and implausible. For example, Gomez-Robles said that he called his wife, her friend, and 911 before going to the border, but those calls do not appear on the phone records he submitted. Gomez-Robles' attempts to explain the phone records only cast further doubt on his credibility—he claimed that he and his wife used their phones interchangeably despite living in different countries, which the IJ found "both inconvenient and highly atypical." And his claims about cancelling business appointments before leaving Mexico were similarly contradictory. Substantial evidence thus supports that Gomez-Robles' testimony was not credible or sufficient to establish lawful entry. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

5. <u>Substantial evidence supports the denial of withholding.</u> The BIA concluded that Gomez-Robles was not entitled to withholding of removal because he failed to establish past persecution or a likelihood of future persecution, among other things. Gomez-Robles testified that he was approached sometime around 2005 and told to "be careful." He believed the warning was related to his relationship with a former girlfriend. That single incident does compel the conclusion that Gomez-Robles is more likely than not to face persecution if he returned to Mexico. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).

**PETITION DENIED.**