NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESAU MISAEL MEDINA-MENDOZA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No.   21-70422 Agency No. A203-091-311 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 4, 2026
Phoenix, Arizona

Before:  BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

Esau Medina Mendoza ("Medina") seeks review of the agency's denial of

his motion for deferral of removal under the Convention Against Torture ("CAT").

The Board of Immigration Appeals ("BIA") first rejected Medina's challenges to

the Immigration Judge's ("IJ") earlier denial of his motions for a continuance and

for the issuance of subpoenas.  The BIA then adopted the IJ's determination that,

despite threats from the Sinaloa Cartel, Medina could safely relocate to areas in

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Mexico outside of the Cartel's dominance.  Medina filed a timely petition for review.

1. We have jurisdiction to review Medina's challenges to the denial of deferral of removal under CAT.  In *Coria v. Garland*, 114 F.4th 994, 1011 (9th Cir. 2024), we held that because a CAT order is not considered part of the "final order of removal," we "can review factual challenges notwithstanding a criminal conviction that would otherwise implicate § 1252(a)(2)(C)."  *See also Nasrallah v. Barr*, 590 U.S. 573, 583 (2020).  Because Medina's motions for subpoenas and a continuance relate directly to his CAT claim, the denial of those motions also does not "merge[] into the final order of removal," so we have jurisdiction to address their denial, *Coria*, 114 F.4th at 1000 (citing *Nasrallah*, 590 U.S. at 582), which we review for abuse of discretion.  *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008); *Kaur v. I.N.S.*, 237 F.3d 1098, 1099 (9th Cir. 2001).  The agency's findings of fact on a petitioner's CAT claim are reviewed for substantial evidence.  *Medina-Rodriguez v. Barr*, 979 F.3d 738, 744 (9th Cir. 2020) (citing *Nasrallah*, 590 U.S. at 584).  They will be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary."  *Edgar G.C. v. Bondi*, 136 F.4th 832, 842 (9th Cir. 2025) (emphasis omitted) (quoting *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023)).

2. Medina has not shown that the denials of his motions for the issuance of

subpoenas or for a third continuance in the alternative were abuses of discretion. Under 8 C.F.R. § 1003.35(b)(3), an IJ shall issue a subpoena if the IJ concludes that the witness's evidence is "essential." Medina moved to subpoena three law enforcement officers with whom he had worked as an informant. He sought their declarations or testimony regarding his assistance to the government, whether his assistance had involved suspects affiliated with transnational criminal organizations ("TCOs"), the identities of the TCOs, and whether his identity had become known to a TCO. The IJ denied the motion, concluding that the officers' testimony as to these matters was not essential because Medina could establish those facts by other means, including through his own testimony. Indeed, based on Medina's credible testimony and documentary evidence, the IJ subsequently found that Medina had worked as an informant with federal and state officers and that he had received threats from the Sinaloa Cartel. As these were the issues for which Medina sought the officers' testimony, the IJ did not err in holding that the officers' testimony was not essential.

To the extent that Medina now argues that the officers had information as to the influence of the Sinaloa Cartel in various parts of Mexico and the Cartel's capacity for retribution, he did not specify such information in the request for a subpoena. Before the IJ, Medina initially planned to offer expert testimony on those topics, but he ultimately did not call such an expert witness. Given that

3

Medina did not suggest that he needed the officers' testimony for that purpose and given that he did not otherwise show that the subpoenas would have yielded other essential evidence, the denial was not an abuse of discretion.

Nor did the IJ abuse its discretion by denying Medina's motion for a third continuance in the alternative. Medina argued that, in the event his motion for subpoenas was denied, he needed additional time to obtain evidence regarding his work as an informant and the Cartel's awareness of that work. As explained, however, Medina ultimately established those underlying facts through his testimony and other evidence.

3. Medina has also failed to show that the agency unreasonably concluded that he can safely relocate to areas in Mexico where the Sinaloa Cartel is not dominant. The agency cited substantial evidence, including Medina's own testimony, that the Sinaloa Cartel has a horizontal structure, that its subgroups are not fully cognizant of what is happening in other subgroups, and that there is sometimes fighting between subgroups. The lack of communication between subgroups was further shown by the efforts of "Hippie," a member of one subgroup, who was not aware that Medina's father had been kidnaped by a different subgroup until Medina's family informed him of the kidnapping. Moreover, the agency considered evidence that the Sinaloa Cartel has "prominent enemies" in areas of Mexico where it is not dominant. Medina further testified that

4

he did not think the Sinaloa Cartel knew his exact location in the United States, supporting the inference that the Cartel is unmotivated or unable to find him in areas where it lacks dominance. In sum, applying the applicable "extremely deferential standard of review" pursuant to which we may not "independently weigh the evidence," *Kalulu v. Bondi*, 128 F.4th 1009, 1013 (9th Cir. 2024), Medina has not shown that "any reasonable adjudicator would be compelled to conclude" that the agency wrongly found that he could safely relocate to certain parts of Mexico. *Antonio v. Garland*, 58 F.4th 1067, 1073 (9th Cir. 2023).

The petition is **DENIED.**[1]

---

[1] The temporary administrative stay of removal is lifted and the motion for stay of removal, Dkt. No. 1, is denied.