NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEYLA MILAGROS PEREZ-QUIROZ, | No. 11-72365 |
| Petitioner, | Agency No. A023-729-873 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2013[**]
San Francisco, California

Before:     TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District
Judge.[***]

Keyla Milagros Perez-Quiroz ("Petitioner") is a natural born citizen of

Nicaragua who entered the United States illegally as a child.  Petitioner committed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]     The Honorable Kimba M. Wood, Senior United States District Judge for the Southern District of New York, sitting by designation.

two felonies and was removed to Nicaragua in 2002. While in Nicaragua from 2002 to 2005, Petitioner says that she was kidnapped, mistreated, and harassed by Sandinistas because her family are well-known members of an opposition party. After her kidnapping, Petitioner relocated within Nicaragua and later returned voluntarily to the town of her kidnapping. She also traveled to several Central American countries and then returned voluntarily to Nicaragua. Petitioner illegally reentered the United States in 2005, committed a third felony, and in 2009 became subject to reinstatement of her prior removal order. She sought various forms of relief from removal. In 2009, an immigration judge ("IJ") granted her deferral of removal under the Convention Against Torture ("CAT"). In 2010, the Bureau of Immigration Appeals ("BIA") vacated the IJ's decision and remanded for further fact-finding. Petitioner sought review of the 2010 BIA decision in this Court, but her petition was dismissed for lack of jurisdiction. *Perez-Quiroz v. Holder*, No. 10-71552 (9th Cir. Aug. 9, 2010).

Following remand, the IJ denied Petitioner's request for deferral under the CAT and held that (1) Petitioner's claim failed because it relied on her testimony, and Petitioner was deemed not credible; and (2) alternatively, even if deemed credible, Petitioner did not qualify for deferral under the CAT because she failed to show past torture, she did not establish that internal relocation within Nicaragua

2

was impossible, country conditions did not disclose a clear probability of future torture, and Petitioner's voluntary returns to Nicaragua and the continued presence of family members in Nicaragua undermined her claim. The IJ also issued an interim decision denying Petitioner's motion for the issuance of a subpoena of medical records indicating that she suffers from post-traumatic stress disorder as a result of her kidnapping. On appeal, the BIA relied upon the same alternative grounds as the IJ and dismissed Petitioner's appeal of the decision denying CAT relief. The BIA also dismissed Petitioner's appeal of the IJ's interim decision denying her motion for a subpoena. Petitioner challenges both of the recent BIA decisions and again seeks review of the 2010 BIA decision.

We lack jurisdiction to review the 2010 BIA decision. Our jurisdiction is limited to final orders of deportation or removal, and the 2010 BIA decision was not a final order. *See* 8 U.S.C. §§ 1101(a)(47), 1252(a), 1252(b)(9); *Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir. 2011). Indeed, we have already dismissed for lack of jurisdiction Petitioner's prior petition challenging the 2010 BIA decision.

We also lack jurisdiction to review the denial of Petitioner's motion for issuance of a subpoena of her mental health records. Petitioner is "an alien who is removable by reason of having committed a criminal offense," and as such, the

3

jurisdiction-stripping provision of § 1252(a)(2)(C) bars review of her claim relating to the subpoena. *Cf. Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010) (explaining that we retain jurisdiction to review a deferral-of-removal claim under the CAT despite § 1252(a)(2)(C) because a denial of CAT deferral is "always a decision on the merits"). Although we can review "constitutional claims or questions of law," § 1252(a)(2)(D), Petitioner's claim is neither constitutional nor legal; it is a straightforward allegation of abused discretion over which we lack jurisdiction.[1] *See Kaur v. INS*, 237 F.3d 1098, 1099 (9th Cir. 2001) ("We review for abuse of discretion an IJ's decision not to issue a subpoena for the production of documentary evidence."), *amended on denial of reh'g by* 249 F.3d 830 (9th Cir. 2001).

With regard to the BIA's determination that Petitioner is not entitled to deferral of removal under the CAT, we have jurisdiction under 8 U.S.C.

---

[1] Petitioner makes a single passing reference to denial of due process in the section header of her brief, but she presents no due process arguments. "Although we retain jurisdiction to review due process challenges, a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

4

§ 1252(a)(1), and we deny the petition for review.[2] "To receive relief under CAT, Petitioner has the burden of showing that [s]he 'is more likely than not to be tortured in the country of removal.'" *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.16(c)(4)). Petitioner does not challenge the BIA's determination that she failed to meet that burden, and Petitioner's failure to meet the burden of showing future torture is an independent ground upon which both the IJ and BIA denied her request for deferral of removal. Accordingly, Petitioner has waived review of the denial of her claim for deferral of removal under the CAT.[3]

**DISMISSED in part and DENIED in part.**

---

[2] Because the BIA reviewed *de novo* the IJ's determination that Petitioner did not meet her burden of proof on future torture, we review the BIA's decision on this issue. *See Corpuz v. Holder*, 697 F.3d 807, 810-811 (9th Cir. 2012).

[3] In light of this holding, we need not and do not review the alternative adverse-credibility determination.